UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

IN RE: Stephen Ranieri                                    M. B. D. #05-10123

### ORDER OF TEMPORARY SUSPENSION

PER CURIAM

The Court having been advised that Stephen Ranieri has been temporarily suspended by the Supreme Judicial Court from the practice of law at the bar of the Commonwealth of Massachusetts and is likewise forthwith suspended from the practice of law at the bar of the United States District Court for the District of Massachusetts for a like period.

Should Stephen Ranieri desire to invoke the procedures and make the showing required by Local Rule 83.6(2)(B)(ii), the Court shall be informed within 30 days of the date of this order and the Court will schedule a hearing thereon within 15 days following such notification as required by the Local Rule.

Upon notification of action taken by to invoke such procedures the Court will consider imposing reciprocal discipline pursuant to Local Rule 83.6(2)(C).

Stephen Ranieri shall forthwith notify clients and opposing counsel in any cases now pending in this court and the Bankruptcy Court in this District of this order of term suspension.

Date March 22, 2005                                    William G. Young
                                                       District Judge

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO: BD-2005-010

05-10123

IN RE: STEPHEN RANIERI

ORDER OF IMMEDIATE TEMPORARY SUSPENSION

This matter came before the Court, Ireland, J., on a Petition for Temporary Suspension filed by Bar Counsel. The parties having waived hearing and assented to an order of temporary suspension,

It is ORDERED that:

1. STEPHEN RANIERI is temporarily suspended from the practice of law in the Commonwealth pending further order of the Court effective immediately upon the entry of this Order.

It is FURTHER ORDERED that:

2. Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

    a) file a notice of withdrawal as of the effective date of the temporary suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

33 Hamilton Cir
Marlb 01752

2

b) resign as of the effective date of the temporary suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c) provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been temporarily suspended; that he is disqualified from acting as a lawyer after the effective date of the temporary suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d) provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that the lawyer has been temporarily suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the temporary suspension;

e) make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

3

   f)   refund any part of any fees paid in advance that have not been earned; and

   g)   close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board.

   3.   Within twenty-one (21) days after the date of entry of this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules.  Appended to the affidavit of compliance shall be:

   a)   a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail.  Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

   b)   a schedule showing the location, title and account number of every bank account designated as an IOLTA, client,

4

trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c) a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

d) such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f) the residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

4. Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a) a copy of the affidavit of compliance required by paragraph 3 of this Order;

b) a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted

5

to practice; and

    c) the residence or other street address where communications to the lawyer may thereafter be directed.

5. The matter is remanded to the Board of Bar Overseers for such further investigation and proceedings as it deems required.

By the Court (Ireland, J.),

Assistant Clerk

Entered: *March 7, 2005*



# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
JOHN ADAMS COURTHOUSE
ONE PEMBERTON SQUARE, SUITE 1300
BOSTON, MASSACHUSETTS 02108-1707

WWW.SJCCOUNTYCLERK.COM

MAURA S. DOYLE
CLERK

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117
ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

March 7, 2005

Deborah J. Keefe, Bar Clerk
U.S. District Court for the District of Mass.
One Courthouse Way
Boston, MA  02110

RE:   S.J.C. No. BD-2005-010

    IN RE: Stephen Ranieri

Dear Ms. Keefe:

    Enclosed please find a copy of the Order which was entered on March 7, 2005 by the following Justice of the Supreme Judicial Court:  Ireland, J.

                                     Very truly yours,

                                     Maura S. Doyle, Clerk

Enclosures
cc:   Bar Clerk, United States District Court
     Honorable Lynda M. Connolly, Chief Justice